IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

CASE NUMBER:

STEVEN WILSON,

       Plaintiff,

vs.

CEDAR BLESSING, LLC d/b/a
CEDAR BLESSING RV PARK,
a Florida Limited Liability Company,

       Defendant.

_____/

## COMPLAINT AND DEMAND FOR TRIAL BY JURY

Plaintiff, Steven Wilson, by and through undersigned counsel, sues the

Defendant, Cedar Blessing, LLC d/b/a Cedar Blessing RV Park, a Florida limited

liability company, and alleges:

## JURISDICTION AND PARTIES

1. This is an action for damages in excess of $75,000.00, exclusive of

interest and costs.

Steven Wilson vs. Cedar Blessing LLC, etc., et al.
Page 2 of 5

2.      At all time material herein, Defendant, Cedar Blessing, LLC d/b/a Cedar Blessing RV Park (hereinafter Cedar Blessing, LLC) was a Florida limited liability company with its principal place of business located at 514 Magnolia Avenue in Panama City, Florida.

3.      At all times material herein Defendant, Cedar Blessing, LLC d/b/a Cedar Blessing RV Park had two authorized members, to-wit: Mary A. McMillan and George McMillan.

4.      At all times material herein, Mary A. McMillan and George McMillan, resided at 2820 South Alma School Road in Chandler, Arizona and were citizens of the State of Arizona.

5.      At all times material herein Defendant, Cedar Blessing, LLC owned, operated, managed and controlled a trailer park located at 11951 SW Shiloh Rd in Cedar Key, Levy County, Florida.

6.      At all times material herein Plaintiff, Steven Wilson, was a resident and invitee at the Defendant's aforementioned trailer park and was a citizen of the State of Florida.

7.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. Section 1332.

Steven Wilson vs. Cedar Blessing LLC, etc., et al.
Page 3 of 5

## PREMISES LIABILITY CLAIM AGAINST CEDAR BLESSING, LLC

Plaintiff, Steven Wilson, realleges paragraphs 5 and 6 above and further alleges:

8.     On or about October 23, 2024, Plaintiff, Steven Wilson, tripped and fell on a piece of wood concealed by densely overgrown grass on the Defendant's above-described premises, causing him to sustain a catastrophic spinal cord injury.

9.     At all times material herein, Defendant's, Cedar Blessing, LLC., owed the Plaintiff a duty to maintain its premises in a reasonably safe condition, to refrain from conduct which would injure him, and to warn the Plaintiff of dangerous conditions on the premises.

10.    On or about October 23, 2024, at the time of the Plaintiff's accident herein, the Defendant's, Cedar Blessing, LLC., its agents, servants and/or employees, breached their duty owed to the Plaintiff, Steve Wilson, by negligently maintaining its premises and by failing to properly inspect said premises.

11.    More specifically, at the time of the Plaintiff's accident, the Defendant, Cedar Blessing, LLC., breached its duty owed to the Plaintiff by committing one of more of the following negligent acts and/or omissions:

      a.     Negligently failed to properly maintain the grass on its premises in a reasonable and safe manner; and/or

Steven Wilson vs. Cedar Blessing LLC, etc., et al.
Page 4 of 5

b.   Negligently failed to cut the grass and remove debris from the ground on its premises; and/or

c.   Negligently exposed the Plaintiff to an unreasonably dangerous tripping hazard on its premises; and/or

d.   Negligently failed to place cones, signs or otherwise warn the Plaintiff of the presence of overgrown grass and debris on its premises; and/or

e.   Negligently failed to properly inspect the area where the Plaintiff's accident occurred; and/or

f.   Negligently violated its own policies and procedures and/or industry standards and/or Florida statutes regarding the inspection and maintenance of the area where the Plaintiff's accident occurred; and/or

g.   Was otherwise negligent at the time and place complained of.

12.   At all times material herein the Defendant, Cedar Blessing, LLC., created, knew or, in the exercise of reasonable case should have known of the existence of this hazardous condition, and/or the condition had existed for a sufficient length of time that the Defendant knew or should have known of the condition and could have easily remedied it.

13.   As a direct and proximate result of the Defendant's negligence, as

Steven Wilson vs. Cedar Blessing LLC, etc., et al.
Page 5 of 5

hereinabove alleged, Plaintiff, Steven Wilson, fell and suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, physical impairment, inconvenience, loss of capacity for the enjoyment of life, aggravation of an existing disease or condition, and the expense of hospitalization, medical and nursing care and treatment. These losses are either permanent or continuing in their nature and the Plaintiff will suffer these losses in the future.

## **DEMAND FOR TRIAL BY JURY**

WHEREFORE, the Plaintiff, Steven Wilson, demands judgment for damages against the Defendant, Cedar Blessing, LLC. d/b/a Cedar Blessing RV Park, including costs, and demands a trial by jury of all issues so triable as of right by a jury.

Dated this July 10, 2025.

WALD, GONZALEZ & GRAFF, P.A.
ATTORNEYS FOR PLAINTIFF
121 ALHAMBRA PLAZA, SUITE 1500
CORAL GABLES, FL 33134
TEL: 305-577-7778
FAX: 305-577-9757
E-MAILS: jdwpleadings@wgglaw.net
              Frances@wgglaw.net

BY:   /s/ Jonathan D. Wald
        JONATHAN D. WALD, ESQUIRE
        FLORIDA BAR NUMBER: 964603